UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL ANTONIO BUTLER,

            Petitioner,

v.

SHERMAN CAMPBELL,

            Respondent.

                                          /

Case No. 2:22-cv-11108

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING
RESPONDENT'S MOTION TO DISMISS [7], DECLINING
TO ISSUE A CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner Daniel Antonio Butler is an inmate at the Gus Harrison Correctional Facility. ECF 1, PgID 1. He filed a petition under 28 U.S.C. § 2254. *Id.* In it, he challenged his conviction for assault with intent to murder, two counts of armed robbery, home invasion, felonious assault, and multiple counts of possession of a firearm during the commission of a felony. Mich. Comp. Laws §§ 750.83, 750.529, 750.110(A)(2), 750.82, 750.224(F), 750.227(B-B). *Id.* at 1-2. Respondent moved to dismiss the habeas petition and argued that Petitioner filed his motion after the limitations period had run. ECF 7. Defendant responded that the petition was not untimely and that, in the alternative, the Court should equitably toll the filing date. ECF 9. For the reasons below, the Court will grant the motion to dismiss.[1]

---

[1] Based on the parties' briefing, the Court will resolve the motion on the briefs without a hearing. *See* Fed. R. Civ. P. 78(b); E.D. Mich. L.R. 7.1(f)(2).

1

## BACKGROUND

In 2016, Petitioner entered the home of Mr. Michael Brown. ECF 1, PgID 16. Petitioner beat Mr. Brown with a gun, shot him, and robbed him. *Id.* Petitioner also beat Mr. Brown's girlfriend, who was staying with Mr. Brown, and stole a bag of marijuana from her. *Id.* In 2017, Petitioner pled no contest in Oakland County Circuit Court to twelve felony offenses related to the 2016 events. ECF 8-9, PgID 311–12. A jury convicted Petitioner, and the trial court sentenced Petitioner to twenty-eight to fifty years' imprisonment for three of the counts, two-year consecutive terms for six of the counts, twenty-five to fifty years' imprisonment for one of the counts, and four to fifteen years' imprisonment for one of the counts. *Id.* at 324–55.

Petitioner filed a writ of habeas corpus and sought relief on three grounds: (1) the prosecutor did not timely disclose hospital records; (2) the trial court erroneously failed to hold an evidentiary hearing regarding allegations in the affidavit of Mr. Brown; and (3) Petitioner received ineffective assistance of counsel.

After his conviction and sentence, Petitioner filed an application for leave to appeal in the Michigan Court of Appeals. ECF 8-9. The application raised a claim regarding the propriety of Petitioner's sentence. *Id.* at 316. The Michigan Court of Appeals denied leave to appeal. *Id.* Petitioner then filed an application for leave to appeal in the Michigan Supreme Court. ECF 8-11. The Michigan Supreme Court denied leave to appeal. *Id.* at 479. Petitioner's conviction became final when his time to file a petition for writ of certiorari in the United States Supreme Court expired. *See Gonzalez v. Thaler*, 565 U.S. 134, 152–53 (2012) (petitioner must appeal within

ninety days). Petitioner's conviction thus became final on June 3, 2018. *See* ECF 8-11.

Nine months after his conviction became final, Petitioner filed a motion for relief from judgment in the State trial court. ECF 8-7. The motion asserted the same three claims presented in the present federal habeas petition. *See id.*; ECF 1. The motion for relief form judgment asserted that Mr. Brown signed an affidavit recanting his accusations. ECF 8-7, PgID 301. The trial court denied the motion. ECF 8-8. The court noted that Petitioner failed to file the alleged affidavit of Mr. Brown, and that his motion was meritless. *Id.* at 307. Petitioner then filed a delayed application for leave to appeal in the Michigan Court of Appeals, raising the same three claims. ECF 8-9. The appellate court denied his application for leave to appeal. ECF 8-10. Petitioner then applied for leave to appeal to the Michigan Supreme Court, but the Michigan Supreme Court denied him leave to appeal on March 2, 2021. ECF 8-12. Petitioner was represented by counsel through all his State post-conviction review proceedings. *See* ECF 8-7, 8-8, 8-9, 8-10, 8-11, 8-12.

Finally, more than fourteen months after the completion of his second State post-conviction review, and through newly retained counsel, Petitioner filed the present habeas petition. *See* ECF 1.

## LEGAL STANDARD

Respondent moved to dismiss the habeas petition, but because the motion and the record before the Court include documents outside of the pleadings, the Court will construe it as a motion for summary judgment. *See Anderson v. Place*, 2017 WL

3

1549763, *6 (E.D. Mich. May 1, 2017). The Court must grant a summary judgment motion "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party must point to specific portions of the record that "it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party may not simply rest on the pleadings but must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis omitted) (quoting Fed. R. Civ. P. 56(e)).

## DISCUSSION

There is a one-year limitations period for habeas petitions filed by State prisoners. 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner's judgment became final on direct review on June 3, 2018, ninety days after the Michigan Supreme Court denied him leave to appeal on direct review. *See Gonzalez*, 565 U.S. at 152–53. The limitations period started to run the day after the Michigan Supreme Court issued the opinion, and it continued running for about nine months until Petitioner filed his motion for relief from judgment in the trial court.

The motion for relief from judgment began statutorily tolling the limitations period under 28 U.S.C. § 2244(d)(2) because on the date he filed his motion Petitioner had "a properly filed application for State post-conviction or other collateral review

4

with respect to the pertinent judgment or claim" pending. *Wall v. Kholi*, 562 U.S. 545, 550–51 (2011) (quotation omitted). But the motion for relief from judgment and the appeal that followed only tolled the limitations period; they did not reset it. *See Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001).

Petitioner argued that the limitations period did not start running under § 2244(d)(1)(A) until after he completed his second post-conviction appeal, his motion for relief from judgment. ECF 9, PgID 584–87. Not so. Petitioner relied on *Linscott v. Rose*, 436 F.3d 587 (6th Cir. 2006) but that case is distinguishable. *Linscott* involved a unique situation where a habeas petitioner had the opportunity to file a second direct appeal from his State conviction because a resentencing proceeding produced a new judgment of sentence. *Linscott*, 436 F.3d at 591. There, because the petitioner was in custody under a *new* judgment of sentence, the limitations period ran from the date the second judgment became final on direct review. *Id.* In contrast, Petitioner completed direct review and then pursued State collateral review of an already-final judgment of sentence based on new claims. *See* ECF 8-10; 8-12. Under the plain language of the statute and Sixth Circuit case law, such a collateral proceeding does not reset the limitations period. *See Payton*, 256 F.3d at 408; *DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006); *Jenkins v. Burgess*, No. 22-1451, 2022 WL 16985646, at *1 (6th Cir. Oct. 14, 2022); § 2244(d)(1)(A). The State post-conviction proceeding thus tolled the limitations period without restarting it. The tolling period ended when the Michigan Supreme Court denied Petitioner leave to appeal on March 2, 2021

because after that date Petitioner no longer had a pending State post-conviction review proceeding. *See* ECF 8-12.

The limitations period therefore ran for nine months after the Michigan Supreme Court rejected the first appeal. *See* ECF 8-11. And the limitations period ran for an additional fourteen months after the Michigan Supreme Court rejected his second appeal. *See* ECF 8-12. Adding the two periods together, more than twenty-three months ran on the limitations period, rendering the present petition untimely.

To avoid dismissal of the untimely petition, Petitioner must show some other basis for tolling. Petitioner argued that the Court should toll the deadline because: (1) he was denied effective assistance of counsel by whichever of his attorneys obtained the affidavit of Mr. Brown but failed to share it with him; (2) his State collateral review counsel promised to file his federal habeas petition but failed to; and (3) he is actually innocent. ECF 9, PgID 587–93.

Federal courts may equitably toll the limitations period where exceptional circumstances are present. *Holland v. Florida*, 560 U.S. 631, 651–52 (2010). To be entitled to equitable tolling, however, a habeas petitioner must demonstrate a causal link between the extraordinary circumstance and the untimely filing. *See Robertson v. Simpson*, 624 F.3d 781, 785 (6th Cir. 2010). "A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (cleaned up) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The

6

party seeking equitable tolling bears the burden of proving he is entitled to it." *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).

The first argument Petitioner presented fails because it is difficult to find a causal link between the alleged conduct and the late filing. Petitioner admitted that he obtained the allegedly exculpatory affidavit in 2018. ECF 9, PgID 578. Petitioner had the affidavit of Mr. Brown long before the limitations period began to run. The first argument thus fails because the alleged late receipt of the affidavit lacks a connection to the untimeliness of his present petition.

The second argument Petitioner presented, that he was abandoned by his appellate counsel, also fails. *See, e.g.*, *Robertson*, 624 F.3d at 785. According to Petitioner, his State post-conviction counsel said he would file a federal habeas petition but did not. ECF 9, PgID 589. Petitioner also argued that he retained his current counsel "sometime after" the limitations period had already expired in June 2021. *Id.* at 591. But Petitioner offered no evidence of when he retained his current counsel. *See* ECF 9. And he did not explain why his current counsel, who was allegedly retained "some time after" June 4, 2021 failed to file the present habeas petition until May 20, 2022, nearly a year after the limitations period expired. *See id.* Indeed, the argument is undermined by his habeas petition which does not say anything about prior counsel abandoning Petitioner. *See* ECF 1. The petition is evidence that Petitioner mistakenly believed he had until June 2022 to file for habeas corpus. All the evidence militates toward a finding that Petitioner or his attorney erred in calculating the limitations period. And a "garden variety claim of excusable

7

neglect," such as a simple miscalculation of the limitations period, does not warrant equitable tolling. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."). And the fact that Petitioner also did not realize the limitations period had run does not warrant equitable tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) (pro se status is not an extraordinary circumstance); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (finding that the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements). In sum, to be entitled to equitable tolling, a habeas petitioner must show that he pursued his rights diligently. *See Pace*, 544 U.S. at 418. Because Petitioner did not pursue his rights diligently, and because he offered no explanation for his delay, his second argument fails.

The third argument Petitioner brought fails because his claim of innocence is not credible. A credible claim of actual innocence may equitably toll the limitations period. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To support a claim of actual innocence, a petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (cleaned up). The affidavit of Mr. Brown, in which Mr. Brown claimed that he provoked the altercation with Petitioner, *see* ECF 2, PgID 43, does not establish that it is more likely than not that no reasonable juror would have convicted Petitioner. Petitioner also argued that the hospital records of Mr.

8

Brown prove his innocence. ECF 9, PgID 549–50. But Petitioner failed to provide the records to the Court or even discuss why they support his claim of innocence. The conclusory claim of actual innocence thus falls short of showing that this is an extraordinary case or that the limitations period should be equitably tolled.

In sum, because the habeas petition was filed after the expiration of the limitations period, and because Petitioner failed to show that he is entitled to equitable tolling, the motion for summary judgment is granted. Last, Petitioner must obtain a certificate of appealability to appeal the Court's decision, which requires him to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner must show "that reasonable jurists could debate whether" the Court should have resolved the § 2254 petition "in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (internal quotation marks and quotation omitted). Jurists of reason would not debate the Court's denial of the petition. The Court will thus deny a certificate of appealability. And the Court will deny Petitioner leave to appeal in forma pauperis because he cannot take an appeal in good faith. *See* Fed. R. App. P. 24(a); 28 U.S.C. § 1915(a)(3).

**WHEREFORE**, it is hereby **ORDERED** that the motion to dismiss [7] is **GRANTED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

9

**IT IS FURTHER ORDERED** that leave to appeal in forma pauperis is **DENIED**.

This is a final order that closes the case.

**SO ORDERED.**

                                          s/ Stephen J. Murphy, III
                                          STEPHEN J. MURPHY, III
                                          United States District Judge

Dated: January 23, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 23, 2023, by electronic and/or ordinary mail.

                                          s/ David P. Parker
                                          Case Manager